In re the Marriage of Robert E. **BECKSTROM, Petitioner,** Appellant,

v.

**Rose K. BECKSTROM, Respondent.**

**No. C2–85–2111.**

Court of Appeals of Minnesota.

April 22, 1986.

James V. Gerharter, Minneapolis, for appellant.

Allen H. Aaron, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from an amended judgment which ordered appellant to pay $100 per month maintenance to respondent. We reverse.

## FACTS

The 28 year marriage of the parties was dissolved in 1981. Respondent Rose Beckstrom was awarded two-thirds of the marital assets, including the homestead worth $68,450; and appellant was awarded one-third of the assets, including his pension. The unequal division and an award of maintenance of $200 per month was justified by the trial court because "of the disparity in income and resources between the parties." In 1981 respondent's annual income was $5,000 and appellant's was $21,600. Respondent was 60 years of age and appellant was 57.

Appellant retired in 1984 at age 60 and respondent moved to continue spousal maintenance of $200 per month. Appellant's sole source of income is his pension of $751 per month. Respondent's net monthly income is $627. The trial court ordered appellant to pay $100 per month maintenance.

## ISSUE

Did the trial court abuse its discretion in ordering respondent to pay maintenance?

## ANALYSIS

The effect of the trial court's order that appellant pay respondent $100 per month maintenance was to increase respondent's income to $727 and reduce appellant's to $651. Both parties' affidavits show needs significantly in excess of income.

Considering the factors for awarding maintenance set forth in Minn.Stat. § 518.-552 (Supp.1985), it is clear that respondent cannot adequately support herself through appropriate employment. She does, however, have equity in the homestead of over $68,000, which could be used to provide for her needs and augment her income.

Appellant, on the other hand, was awarded a total of $37,125 of marital assets, $22,450 of which was the pension that is now his sole income. The trial court erred in finding that "appellant had the ability to meet his needs and assist respondent in meeting hers." On the state of this record, respondent has almost twice the financial resources, including marital property awarded to her, as appellant.

Because we decide this case on the inability of appellant to pay maintenance pursuant to Minn.Stat. § 518.552, subd. 2(g), we do not address the trial court's finding that a pension awarded to a party as property settlement can subsequently be considered as income in determining spousal maintenance.

## DECISION

Because appellant had insufficient income to provide for his own needs while assisting respondent with her needs, the trial court erred in ordering spousal maintenance.

Reversed.